## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JEFFREY MAUGER, on his own
behalf and on behalf of those
similarly situated,

      CASE NO.:

    Plaintiff,

vs.

MY ENERGY MONSTER, INC., a
Florida Profit Corporation, and
RICHARD ORLANDI,
Individually,

    Defendants.         /

## COMPLAINT & DEMAND FOR JURY TRIAL
### (Collective Action Complaint)

Plaintiff, JEFFREY MAUGER ("MAUGER"), on his own behalf and on behalf of those similarly situated (collectively referred to as "Plaintiffs"), was an employee of Defendants, MY ENERGY MONSTER, INC., ("MONSTER") and RICHARD ORLANDI, Individually ("ORLANDI") (collectively referred to as "Defendants"), and brings this action for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

1

## INTRODUCTION

1. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 207(a).

2. The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3. Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular rate of pay whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

4. The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

5. To the extent any partial payments have been made by Defendants to Plaintiffs of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiffs and against Defendants as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *See id.*

6. The Defendants in this case violated the FLSA by failing to pay Plaintiff and other similarly-situated employees time and one-half compensation for all of their hours worked over forty (40) each week.

7. This action is intended to include each and every Spray Foam Technician and Spray Foam Technician Crew Leader (hereinafter collectively as "Spray Foam Technicians") who performed services for Defendants at any time within the past three (3) years.

## PARTIES

8. Plaintiff, and those similarly situated individuals ("class members"), were salary or piece rate paid Spray Foam Technicians who performed services for Defendants.

9. Defendant, MONSTER, is a Florida Profit Corporation.

10. At all times relevant to this action, ORLANDI was an individual resident of the State of Florida, who owned and/or operated MONSTER, and who regularly exercised the authority to: (a) hire and fire employees of

MONSTER; (b) determine the work and pay schedules for the employees of MONSTER; (c) control the finances and operations of MONSTER; and (d) was responsible for the overall business operations of MONSTER.

11. Defendants are in the business of providing "leading edge home performance solutions that save energy, lower utility bills and lead to a more comfortable home." *See* Defendants' website, *available at* https://myenergymonster.com/.

## JURISDICTION

12. This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 as they arise under the FLSA, 29 U.S.C. § 201, *et seq.*

13. Defendants conduct business in, among others, Hillsborough County, Florida, therefore venue is proper in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## COVERAGE

14. At all material times during the last three years, Defendant, MONSTER was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

15. At all material times during the last three years, Defendants were employers as defined by 29 U.S.C. § 203(d).

16. Based on information and belief, MONSTER has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated) during the relevant time periods.

17. At all times material, Defendant, MONSTER has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

   a. Engaged in commerce; or

   b. Engaged in the production of goods for commerce; or

   c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. machinery, equipment, tools, computers, and/or office supplies).

18. Therefore Defendant, MONSTER is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §§203(r) and 203(s).

## FACTUAL ALLEGATIONS

19. Defendant, MONSTER is a company classified as a spray foam insulation and solar contractor.

20. Defendants employ numerous Spray Foam Technicians who perform services for Defendant throughout the state of Florida.

21. Defendants were "employers" of Plaintiff under the FLSA.

22. MAUGER performed spray foam technician duties for Defendants from approximately March 2020 through December 2020.

23. Defendants paid Plaintiff and those similarly situated to him a piece rate or salary in exchange for spray foam technician duties performed on behalf of Defendants.

24. Plaintiff and those similarly situated to him routinely worked in excess of forty (40) hours per week as part of his/their regular job duties.

25. Despite working more than forty (40) hours per week, Defendants failed to pay Plaintiff, and those similarly situated to him, overtime compensation at a rate of time and a half of his/their regular rate of pay for hours worked over forty (40) in a workweek.

26. Defendants have a common pay policy and/or pay practice which fails to pay its spray foam technicians at a rate of time and one-half of their regular rate of pay for all hours worked in excess of forty (40) per week.

27. As a result, Plaintiff, and those similarly situated to him, has/have not been compensated for all hours worked in excess of forty (40) hours during one or more workweeks.

28. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiff and those similarly situated to him.

29. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

30. Defendants have acted willfully in failing to pay Plaintiff and those similarly situated to him in accordance with the law.

## COLLECTIVE ACTION ALLEGATIONS

31. Plaintiff and the class members performed the same or similar job duties as one another in that they performed spray foam technician duties on behalf of Defendants.

32. Plaintiffs and the class members were all hired by Defendants to perform spray foam technician duties.

33. Defendants were "employers" of the class members under the FLSA.

34. Plaintiff and the class members were all paid a salary or a piece rate for the work performed.

35. Plaintiff and the class members worked similar hours, including more than forty (40) hours per week during one or more workweeks.

36. Plaintiff and the class members were subjected to the same pay provisions, inasmuch as they were not compensated additional compensation for their overtime hours worked during one or more workweeks.

37. Plaintiff and the class members were subjected to the same pay provisions, inasmuch as they were not compensated at time-and-one-half for all hours worked in excess of forty (40) hours in a workweek during one or more workweeks. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

38. Defendants' failure to compensate Plaintiff and the class members for all hours worked in excess of forty (40) hours in a workweek as required by the FLSA results from a policy or practice of failing to pay them proper overtime compensation based on their uniform pay policy, applicable to all putative class members herein.

39. These policies or practices were applicable to Plaintiff and the class members.

40. Application of these policies or practices does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime wages to Plaintiff applies to all class members. Accordingly, the class members are properly defined as:

> **All Spray Foam Technicians and Spray Foam Technician Crew Leaders who worked for Defendants within the last three (3) years and who were not compensated at time-and-one-half of their regular rate of pay for all hours worked in excess of forty (40) hours in one or more workweeks.**

41. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiff and the class members.

42. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

43. Defendants did not have any good faith basis for its failure to pay Plaintiff, and those similarly situated to him, his/their proper overtime compensation.

44. Defendants have acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

### COUNT I - RECOVERY OF OVERTIME COMPENSATION

45. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-44 above.

46. Plaintiff, and those similarly situated to him, are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per workweek.

47. During his/their employment with Defendants, Plaintiff, and those similarly situated to him, regularly worked overtime hours, but were not paid time and one-half compensation for each of those hours.

48. Defendants were aware of the overtime hours worked by Plaintiff and its other Spray Foam Technicians.

49. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff and those similarly situated to him time and one-half his/their regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiff, and those similarly situated to him, have suffered damages, plus incurring reasonable attorneys' fees and costs.

50. As a result of Defendants' willful violation of the FLSA, Plaintiff, and those similarly situated to him, are entitled to liquidated damages.

WHEREFORE, Plaintiff, and those similarly situated employees, demand judgment against Defendants for:

> a) Designation of this action as a collective action under the terms of 29 U.S.C. §216(b) to all similarly situated members of the FLSA Opt-in Class, apprising them of the pendency of this action and permitting them to assert their FLSA claims in this action through individual consent;

b) The payment of all overtime hours at time and one-half the regular rate of pay for the hours worked by them for which Defendants did not properly compensate them;

c) Liquidated damages;

d) Reasonable attorneys' fees and costs incurred in this action;

e) Pre- and post-judgment interest as provided by law;

f) Trial by jury on all issues so triable;

g) Any and all further relief that this Court determines to be appropriate.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as a matter of right by jury.

Dated: May 13, 2021

Respectfully submitted by,

Kimberly De Arcangelis, Esquire
Bar No.: 0025871
Morgan & Morgan, P.A.
20 N. Orange Ave., 15th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3383
Email:       kimd@forthepeople.com
Trial Attorneys for Plaintiffs